RONALD J. HOLLAND (SBN 148687)
rjholland@mwe.com
LAUREN ZIEGLER (SBN 293189)
lziegler@mwe.com
PHILIP SHECTER (SBN 300661)
pshecter@mwe.com
**MCDERMOTT WILL & EMERY LLP**
415 Mission St Suite 5600
San Francisco, CA 94105-2533
Telephone: +1 628 218 3800
Facsimile: +1 628 877 0107

Attorneys for Defendant
KINKISHARYO INTERNATIONAL, L.L.C.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA PALMA, ROBERT MUNOZ, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>KINKISHARYO INTERNATIONAL LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.<br><br>[Los Angeles Superior Court Case No. 21TRCV00428]<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Complaint Filed: June 14, 2021<br>FAC Filed: July 26, 2021<br>Date of Removal: December 21, 2021 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant KINKISHARYO INTERNATIONAL, L.L.C. (hereinafter "Kinkisharyo" or "Defendant"), respectfully removes the instant action, *Maria Palma et al. v. Kinkisharyo International LLC et al.*, originally commenced in the Superior Court of the State of California in and for the County of Los Angeles, Case No. 21TRCV00428, to the United States District Court for the Central District of California. Removal is proper because this Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331, as this action arises under federal law. Specifically, Plaintiffs' claims are substantially dependent upon the interpretation of a collective bargaining agreement that governs to terms and conditions of Plaintiffs' employments with Defendant. Plaintiffs' claims are, therefore, preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 *et seq.*, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c). In support of this removal, Defendant states the following pursuant to 28 U.S.C. § 1446(a):

## I. BACKGROUND AND SUMMARY OF PLEADINGS

1. Plaintiffs MARIA PALMA and ROBERT MUNOZ (collectively, "Plaintiffs") are former employees of Kinkisharyo. *See* Declaration of Melissa Rath ("Rath Decl."), filed herewith, ¶ 2. Throughout the relevant time period, Plaintiffs were members of a bargaining unit represented by the International Brothers of Electrical Workers, Local 11 (the "Union") and subject to a collective bargaining agreement between Kinkisharyo and the Union. Rath Decl., ¶ 3.

2. On or around June 14, 2021, Plaintiff MARIA PALMA ("Plaintiff Palma") commenced the above-entitled action in the Superior Court of California, County of Los Angeles, Case No. 21TRCV00428. True and correct copies of the

Complaint, Summons, and Civil Case Cover Sheet are attached hereto as **Exhibits 1**, **2**, and **3**, respectively.

3. On or around July 26, 2021, Plaintiff Palma amended her complaint to add Plaintiff ROBERT MUNOZ ("Plaintiff Munoz") as a named plaintiff. True and correct copies of the FAC and Summons to FAC are attached hereto as **Exhibits 6** and **7**, respectively.

4. Plaintiffs' FAC seeks civil penalties pursuant to the Private Attorneys General Act ("PAGA") on behalf of themselves and all other allegedly aggrieved employees who are currently or formerly employed by Kinkisharyo during the statutory period. As detailed below, Plaintiffs' FAC implicates federal law because the terms and conditions of Plaintiffs' employment with Kinkisharyo were subject to a collective bargaining agreement between Kinkisharyo and the International Brothers of Electrical Workers, Local 11, dated March 22, 2016 through the P3010 Project Completion (the "CBA"), which has not occurred to date. Rath Decl., ¶ 3, Ex. A. Plaintiffs' FAC omits that the terms and conditions of Plaintiffs' and the other allegedly aggrieved employees' employment with Kinkisharyo were subject to the CBA.

5. A copy of this Notice of Removal will be served on Plaintiffs and filed with the Superior Court of California for the County of Los Angeles. **Exhibits 1** through 10 contain all process, pleadings, and orders served on Defendant in accordance with 28 U.S.C. § 1446(a), and no other proceedings have been held in this action.

## II. STATEMENT OF FEDERAL QUESTION JURISDICTION

6. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action that presents a federal question.

7. Plaintiffs' claims are either based upon or preempted by federal law, specifically Section 301 of the LMRA ("Section 301"). 29 U.S.C. § 185. Under

Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

8.  Section 301 of the LMRA provides a basis for federal jurisdiction, and authorizes federal courts to develop a federal common law of the interpretation of collective bargaining agreements. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988). To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. V. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962); *Lingle*, 486 U.S. at 411.

9.  Further, all state law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985); *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . [and] any state claim whose outcome depends on analysis of the terms of the agreement."); *see also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

10. Section 301 has specifically been held to preempt California state law claims that are substantially dependent upon interpretation of a CBA. *Firestone*, 219 F.3d at 1066-67 (claim preempted by Section 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims). This remains true even where

interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA"). Thus, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law.").

11. Adjudicating Plaintiffs' FAC will require interpretation of the CBA. Specifically, Plaintiffs' sole PAGA claim is premised upon, and therefore derivative of, the various underlying violations of the California Labor Code identified in Plaintiffs' FAC. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1150 n.3 (9th Cir. 2019) (PAGA claims depend on the underlying violations of the California Labor Code alleged in the complaint). As detailed below, many (if not all) of the underlying labor code violations alleged in Plaintiffs' FAC are preempted by the CBA. Thus, Section 301 preempts Plaintiffs' sole cause of action under PAGA. *See, e.g.*, *Lingle*, 486 U.S. at 405-06 ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted"); *see also Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (extending federal question jurisdiction to plaintiff's PAGA claim).

12. The fact that Plaintiffs seek civil penalties under PAGA is irrelevant for purposes of preemption. *See, e.g., Martinez v. Omni Hotels Mgmt. Corp.*, No. 20-CV-1924-MMA (BLM), 2021 WL 196509, at *4 (S.D. Cal. Jan. 20, 2021) ("The Court finds Plaintiffs' distinction between bringing PAGA claim for civil penalties versus bringing a Labor Code claim for wages is irrelevant for the purposes of preemption."); *see also Sykes v. F.D. Thomas, Inc.*, No. 20-CV-03616-VC, 2021 WL 343960, at *1 (N.D. Cal. Feb. 2, 2021)( "Thus, the fact that a PAGA plaintiff

effectively stands in the shoes of state officials does not change the preemption analysis, and each of the alleged Labor Code violations must be analyzed individually under the Ninth Circuit's two-step test for complete preemption as set out in *Burnside*.")

### A. Plaintiffs' Employment Was Governed by a CBA.

13. Plaintiff Palma was employed by Kinkisharyo from April 30, 2018 to December 16, 2019, earning approximately $18.04 per hour as a Wire Assembly Technician. Rath Decl., ¶ 6. At all relevant times alleged in the FAC, the terms and conditions of Plaintiff Palma's employment with Kinkisharyo were subject to the CBA between Kinkisharyo and the Union. Rath Decl., ¶ 6.

14. Plaintiff Munoz was employed by Kinkisharyo from May 20, 2016 to July 31, 2020, earning approximately $27.87 per hour as a Material Coordinator. Rath Decl., ¶ 7. At all relevant times alleged in the FAC, the terms and conditions of Plaintiff Munoz's employment with Kinkisharyo were subject to the CBA between Kinkisharyo and the Union. Rath Decl., ¶ 7.

15. At all relevant times alleged in the FAC, Kinkisharyo has been, and is, a company engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

16. The Union is a labor organization in which certain employees of Kinkisharyo participate and which exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, conditions of work, discipline, and discharge. At all relevant times, the Union has been, and is, a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

17. Article II of the CBA specifically recognizes the Union as the exclusive representative for covered employees, including Plaintiffs, for the purposes of

collective bargaining to establish rates of pay, hours of work and other conditions of employment.

### B. **Plaintiffs' Claims are Preempted by the LMRA Because They Require Substantial Interpretation of a CBA.**

#### 1. **Plaintiffs' Failure to Reference Section 301 of the LMRA in Their Complaint Does Not Preclude Removal.**

18. The FAC omits the fact that Plaintiffs were members of the Union and subject to the terms and conditions of the CBA while employed by Kinkisharyo. However, a plaintiff may not be permitted to "artfully plead" his complaint to conceal the true nature of the complaint." *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement). Thus, the fact that Plaintiffs have not made specific reference to Section 301 in their Complaint does not preclude removal. *See Milne Employees Ass 'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.,* 702 F.2d 189, 191 (9th Cir. 1983), *overruled in part on other grounds in Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241 (9th Cir. 2009).

19. An artfully pled state law claim is properly "re-characterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386,

393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

20. To determine whether a claim alleging violations of state law is preempted by Section 301(a) of the LMRA, the Ninth Circuit employs a two-step test. *Curtis*, 913 F.3d at 1152. First, the Court must ask "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'" *Id.* (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)). Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by the CBA itself." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018). If so, "the claim is preempted, and [the] analysis ends there." *Burnside v. Kietwit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If not, the Courts consider whether a plaintiff's state law right is substantially dependent on analysis of the CBA. *Curtis*, 913 F.3d at 1153. If claims are dependent on interpretation of the CBA, then the claim is preempted by Section 301. *Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *2 (N.D. Ca. Nov. 8, 2019) (citing *Burnside*, 491 F.3d at 159-60).

### 2. Resolution of Plaintiffs' Claims Will Require Substantial Interpretation of Various Provisions of the CBA.

21. Section 301(a) of LMRA wholly preempts any and all purported state law causes of action by an employee concerning a dispute over his terms and conditions of employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or require the "interpretation of a collective bargaining agreement." *See, e.g., Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. Cal. 2000); *Young*, 830 F.2d at 997-98.

22. As discussed below, Plaintiffs' allegations that Kinkisharyo violated the California Labor Code involve various rights that "exists solely as a result of the

CBA" and/or are "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chambers*, 471 U.S. at 213. Specifically, Plaintiffs' FAC seeks civil penalties pursuant to PAGA based on the following alleged Labor Code violations: (1) failure to pay overtime wages (§510 and §1198); (2) failure to provide meal periods (§512(a) and § 226.7); (3) failure to provide rest periods (§ 226.7); (4) failure to provide minimum wage (§1194, §1197 and §1197.1); (5) failure to timely pay wages upon termination (§201-§202); (6) failure to timely pay wages during employment (§204); (7) failure to provide complete and accurate wages statements (§ 226(a)); (8) failure to keep complete and accurate payroll records (§1174(d)); and (9) failure to reimburse necessary business-related expenses (§2800 and §2802).

23. As set forth below, the CBA governs Plaintiffs' and other aggrieved employees' time worked, wages, overtime, meal and rest periods, and the timing of the payment of wages. (Rath Decl. ¶ 3, Ex. A, Arts. 7, 12, 13, 16, 17, *et al.*) The CBA also provides for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA. Resolution of Plaintiffs' claims will require the Court to interpret, at a minimum, all of these provisions. Therefore, Plaintiffs' PAGA claim cannot be adjudicated without interpretation of numerous CBA provisions that govern the employment of Plaintiffs and the allegedly aggrieved employees.

24. **Wages, Compensation, and Overtime:** Plaintiffs' PAGA claim seeks civil penalties, in part, for Kinkisharyo's alleged failure to timely provide proper compensation, including minimum wage and overtime. The focus of Plaintiffs' underlying wage claims is that Plaintiffs and others allegedly aggrieved employee were not compensated for all time under the control of Kinkisharyo. Assuming, *arguendo*, that Plaintiffs' underlying claims are valid, the CBA expressly provides for compensation of all hours worked, including minimum wage rates and overtime. Additionally, the CBA sets forth the parties' mutual agreement regarding all issues pertaining to employee wages, including but not limited to applicable wage rates, pay

for overtime, and designated pay periods. As for the method and timing of payments, Article 2, Section 3 of the CBA states that "[t]he Employer shall have a regular designated payday for all Employees, which may be changed with two weeks' notice to the Union so long as the Employer does not change the pay period to less than two pay periods a month." Rath Decl. ¶ 3, Ex. A. More importantly, the CBA expressly provides that, should there be a dispute "regarding whether an Employee is paid untimely or inaccurately under applicable state or federal law (*i.e.*, minimum wage, overtime, failure to pay wages), the sole and exclusive remedy shall be the binding grievance and arbitration procedures set forth in Article. In the event that the parties cannot resolve the matter informally under that procedure, such dispute shall be submitted to binding arbitration." Rath Decl. ¶ 3, Ex. A. To the extent Plaintiffs have underlying claims regarding unpaid or untimely payment of employee wages, the CBA will need to be interpreted in order for the Court to determine whether the exemption built into Labor Code section 204(c), which provides, "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees" applies here. Thus, Plaintiffs' rights to wages, compensation, and overtime substantially depend on an analysis of the CBA.

Moreover, the overtime provisions set forth in Cal. Lab. Code § 510 do not apply to Plaintiffs per the exemption for employees covered by a valid CBA that is expressly set forth in § 514. The CBA qualifies for the § 514 exemption because it specifically provides for wages (*see* CBA *generally* & Art. 17), hours of work (*see* CBA *generally* & Art. 7), working conditions (Art. 3), premium wage rates for overtime (Art. 7, Section 1), and an hourly pay rate that is greater than 30 percent of the California minimum (Art. 17). Rath Decl. ¶ 3, Ex. A.

25. **Meal and Rest Periods:** Plaintiffs' PAGA claim seeks civil penalties, in part, for Kinkisharyo's alleged failure to provide meal and rest periods. The CBA provides for meal and rest periods, and expressly lays out the conditions under which

employees are entitled to such breaks. These provisions differ from the statutory meal and rest period requirements set forth in Labor Code §§ 512 and 226.7 and the IWC Wage Order. For example, the CBA provides Plaintiffs with a 45-minute meal period before their fifth hour of work, which is beyond the 30-minute meal period required by § 512. Additionally, if an employee does not take a second meal period, "it is presumed [under the CBA] that he waived that meal period." Rath Decl. ¶ 3, Ex. A, Art. 7, § 2(a). By contrast, Wage Order No. 1 does not allow for meal period waivers to be presumed; instead, waivers must be by mutual consent and in writing. Cal. Code Regs., tit. 8, § 11010(11)(B)–(C). Likewise, the CBA includes a mandatory notification requirement whereby "it is the Employee's duty and responsibility to notify his supervisor that he was not able to take a meal (or rest) period at the time the meal/rest period was missed," Rath Decl., ¶ 3, Ex. A, Art. 7, § 2(d). This requirement does not exist under the statutory meal and rest period requirements. Accordingly, these provisions of the CBA will require interpretation to determine which meal or rest periods, if any, Plaintiffs are entitled to; whether Plaintiffs presumably waived any periods within the meaning of the CBA; and whether Plaintiffs met their contractual burden of notifying their supervisors if they were unable to take meal or rest periods.

More importantly, the CBA expressly calls for final and binding arbitration for any and all disputes concerning meal and rest periods, providing, "[a]ny complaint arising in connection with the application or interpretation of this Article, including, but not limited to claims regarding alleged meal and/or rest period violations and/or alleged payment of wages or penalties for alleged meal and/or rest period violations pursuant to this Agreement or applicable state or federal law, including but not limited to Labor Code Sections 226.7 and 512, shall be exclusively subject to the grievance and arbitration procedure set forth in this Agreement and shall not be subject to resolution by way of court, a jury trial, or administrative proceeding, regardless of whether the claim alleges violation of this Agreement or of a statutory,

regulatory, and/or common law duty or requirement…*The parties also agree that any derivative claims for statutory violations and/or civil penalties based on an alleged failure to provide a meal and rest period pursuant to California law, including claims pursuant to Labor Code 2699 [PAGA] shall be subject to the parties grievance and arbitration procedure.*" (emphasis added).  Rath Decl., ¶ 4, Ex. B.  Plaintiffs' rights to meal and rest periods substantially depend on an analysis of the CBA.

26. **Grievance and Arbitration Procedure:**  As set forth above, the grievance and arbitration procedure laid out in the CBA covers any "*dispute between the Employer and the Union on behalf of any Employee (other than a probationary Employee) regarding the interpretation of any express provision of the Agreement.*"  Rath Decl. ¶ 3, Ex. A, Art. 10.   The CBA contains express provisions that provide for wages, meal and rest periods, overtime compensation, and the payment of wages as follows:

| CBA Provision | Governing Labor Code Provisions Cited in Plaintiffs' FAC |
|---|---|
| wages (*see* CBA *generally* & Art. 17) | §§1194, 1197 and 1197.1 |
| meal periods (Art. 7, Section 2) | §§512 and 226.7 |
| rest periods (Art. 7, Section 2) | §226.7 |
| overtime (Art. 7, Section 1) | §§510 and 1198 |
| payment of wages (Art. 7, Section 3) | §§ 201, 202 and 204 |

Accordingly, Plaintiffs' underlying claims that are premised on Labor Code §§ 201, 202, 204, 226.7, 510, 512, 1194, 1197, 1197.1 and 1198 are subject to arbitration as the exclusive remedy per the CBA.  The promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption.  State court lawsuits

properly removed on preemption grounds may then be deferred to arbitration, if the parties to the CBA have so agreed. *See Livadas v. Bradshaw*, 512 U.S. 107, 142 fn. 18 (1994). Here, the parties have so agreed, and the claims are therefore subject to arbitration as discussed above. Accordingly, any alleged violation of the CBA is subject to the grievance procedures set forth therein. As all of Plaintiffs' claims are in essence alleged violations of the CBA, the Court will necessarily have to interpret the grievance and arbitration provisions to analyze Plaintiffs' claims in this case. That is, the Court will be required to determine whether Plaintiffs were first required to exhaust the grievance procedures, whether they did in fact exhaust those procedures, and whether the parties agreed to arbitrate all or some of Plaintiffs' claims – which are all questions reserved for federal courts under the LMRA.

27. Accordingly, Plaintiffs' PAGA claim is substantially dependent upon the interpretation of the foregoing CBA terms and provisions. In fact, those terms and provisions govern nearly all of the conduct which forms the basis of the underlying Labor Code violations alleged in Plaintiffs' FAC, and thus are essential to the resolution of Plaintiffs' PAGA claim. Plaintiffs' PAGA claim therefore arises under Section 301 of the LMRA, and is preempted by federal law. Removal to federal court is warranted. *See Radcliff v. San Diego Gas & Elec. Co.*, No. 3:20-CV-01555-H-MSB, 2021 WL 532258, at *3 (S.D. Cal. Feb. 12, 2021) (denying motion to remand PAGA claim based on alleged lack of original jurisdiction, and finding plaintiff's PAGA claim was preempted by § 301 of the LMRA).

### III. SUPPLEMENTAL JURISDICTION

28. To the extent any underlying Labor Code violations alleged in the FAC do not raise federal questions (and/or are not preempted by Section 301 of the LMRA), such claims are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367, because they relate to and emanate from the same employment relationship between Plaintiffs and Kinkisharyo that is the subject of the federal question claims. Specifically, Plaintiffs' single claim

for PAGA penalties is predicated upon facts and circumstances that are inextricably intertwined with and dependent upon interpretation of the CBA. As a result, all the pleaded underlying Labor Code violations emanate from and form part of the same "case or controversy," such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990); *Franco v. E-3 Sys.*, No. 19- CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (extending supplemental jurisdiction because plaintiff's claim for "civil penalties under PAGA does not change the underlying nature of the predicate California Labor Code violations."); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (extending supplemental jurisdiction over PAGA claims not covered by the CBA). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising supplemental jurisdiction over all the underlying alleged violations of the Labor Code in Plaintiffs' FAC. *See Executive Software v. U.S. Dist. Court,* 24 F.3d 1545, 1557 (9th Cir. 1994); *Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019).

## IV. OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

29.  <u>Removal Was Timely</u>.  Kinkisharyo received the FAC through service of process on November 22, 2021.  This Notice is timely filed in accordance with 28 U.S.C. § 1446(b), because less than thirty (30) days have elapsed since Kinkisharyo received the pleadings setting forth the claims for relief upon which this removal is based.

30.  <u>State Court Within this Court's Jurisdiction.</u>  Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 84(c) and 1391 because the county in which the State Court Action was pending (Los Angeles) is found within this District.

31. <u>Consent to Removal.</u>  Defendant is not aware of any other defendant having been served with a copy of Plaintiffs' FAC, and the requirements of 28 U.S.C. § 1446(b)(2)(A) are met.

32. <u>State Court Pleading Attached.</u>  In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings and orders" from the state court action served on Kinkisharyo or filed by Kinkisharyo are attached hereto as the following exhibits, including Plaintiff's Complaint **(Exhibit 1)**; Summons of Plaintiff's Complaint **(Exhibit 2)**; Civil Case Cover Sheet **(Exhibit 3)**; Notice of Case Assignment **(Exhibit 4)**; Notice of Hearing **(Exhibit 5)**; Plaintiffs' FAC **(Exhibit 6)**; Summons of Plaintiffs' FAC **(Exhibit 7)**; Minute Order **(Exhibit 8)**; Proof of Service of Plaintiffs' FAC **(Exhibit 9)**; and Kinkisharyo's Answer to Plaintiffs' FAC **(Exhibit 10)**.

33. <u>Filing and Service of Notice of Removal.</u>  This Notice will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

## RESERVATION OF RIGHTS

1. This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service, and personal jurisdiction.  No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case, and all defenses, motions, and pleas are expressly reserved.

**WHEREFORE**, Defendant requests that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

1
2  Dated: December 21, 2021          **MCDERMOTT WILL & EMERY LLP**
3
4
5                                    By:  */s/ Ronald J. Holland*
                                          RONALD J. HOLLAND
6                                         LAUREN ZIEGLER
                                          PHILIP SHECTER
7                                         Attorneys for Defendant
                                          KINKISHARYO INTERNATIONAL,
8                                         L.L.C.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SAN FRANCISCO