# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 06/14/2021 03:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston, Deputy Clerk

Case 2:21-cv-09829-JFW-AGR   Document 1-1   Filed 12/21/21   Page 2 of 14   Page ID #:18

Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Deirdre Hill

Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARIA PALMA, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>KINKISHARYO INTERNATIONAL LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 21TRCV00428<br><br>**COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ.**<br><br>Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff MARIA PALMA ("Plaintiff"), individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, and alleges as follows:

## JURISDICTION AND VENUE

1. This representative action is brought pursuant to the California Labor Code section 2698, et seq. The civil penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, including the County of Los Angeles. The majority of the acts and omissions alleged herein relating to Plaintiff and the other aggrieved employees took place in the State of California, including the County of Los Angeles. At all relevant times, Defendant maintained its headquarters/"nerve center" within the State of California, County of Los Angeles.

## PARTIES

5. Plaintiff MARIA PALMA is an individual residing in the State of California, County of Los Angeles.

1

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

6. Defendant KINKISHARYO INTERNATIONAL LLC at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

7. At all relevant times, KINKISHARYO INTERNATIONAL LLC was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

8. At all times herein relevant, KINKISHARYO INTERNATIONAL LLC and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10. KINKISHARYO INTERNATIONAL LLC and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11. Plaintiff further alleges that Defendants including the unknown defendants identified as DOES, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

2

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

## PAGA ALLEGATIONS

12. At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

13. At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

14. Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

15. Plaintiff was employed by Defendants and the alleged violation was committed against her during her time of employment and she is, therefore, an aggrieved employee. Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

16. Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

    a. The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the Labor & Workforce Development Agency (hereinafter "LWDA") and by U.S. Certified Mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b. The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not

intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

17. On April 9, 2021, Plaintiff provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant KINKISHARYO INTERNATIONAL LLC of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff has not received an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff's notice.

18. Therefore, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

## GENERAL ALLEGATIONS

19. At all relevant times set forth herein, Defendants employed Plaintiff and other aggrieved hourly-paid or non-exempt employees who worked for any of the Defendants in the State of California (hereinafter collectively referred to as the "other aggrieved employees").

20. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately April 2018 to approximately December 2019 in the State of California, County of Los Angeles.[1]

21. Defendants hired Plaintiff and the other aggrieved employees, and failed to compensate them for all hours worked, missed meal periods or rest breaks.

---

[1] Pursuant to the Emergency Rules Related to COVID-19, Rule 9(a), "the statutes of limitation and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."

4

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

22. Defendants had the authority to hire and terminate Plaintiff and the other aggrieved employees, to set work rules and conditions governing Plaintiff's and the other aggrieved employees' employment, and to supervise their daily employment activities.

23. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other aggrieved employees' employment for them to be joint employers of Plaintiff and the other aggrieved employees.

24. Defendants directly hired and paid wages and benefits to Plaintiff and the other aggrieved employees.

25. Defendants continue to employ hourly-paid or non-exempt employees, within the State of California.

26. Plaintiff and the other aggrieved employees worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees. This scheme involved, *inter alia*, failing to pay them for all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other aggrieved employees the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other

5

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

aggrieved employee's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's regular rate of pay when a meal period was missed.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them during their employment. Plaintiff and the other aggrieved employees did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The

6

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other aggrieved employees.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to reimbursement for necessary business-related expenses and costs.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other aggrieved employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

39. At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other aggrieved employees. Plaintiff and the other aggrieved employees were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

40. At all material times set forth herein, Defendants failed to provide uninterrupted meal and rest periods to Plaintiff and the other aggrieved employees.

41. At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees at least minimum wages for all hours worked.

42. At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees all wages owed to them upon discharge or resignation.

43. At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees' wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

7

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

44. At all material times set forth herein, Defendants failed to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees.

45. At all material times set forth herein, Defendants failed to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees.

46. At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs.

47. At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other aggrieved employees pursuant to California law in order to increase Defendants' profits.

48. California Labor Code section 218 states that noting in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### Violation of California Labor Code § 2698, et seq.

### (Against KINKISHARYO INTERNATIONAL LLC and DOES 1 through 100)

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

51. Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

///

52. Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

53. Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

54. Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

55. Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

56. Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

57. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

### Failure to Timely Pay Wages During Employment

58. Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

9

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

### Failure to Provide Complete and Accurate Wage Statements

59. Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

### Failure to Keep Complete and Accurate Payroll Records

60. Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

### Failure to Reimburse Necessary Business-Related Expenses and Costs

61. Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

62. Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all penalties pursuant to PAGA against Defendants, and each of them, including but not limited to:

    a. Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

    b. Penalties under California Code of Regulations Title 8 section 11010 et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

10

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

    c. Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

    d. Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

63. Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

64. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, in excess of twenty-five thousand dollars ($25,000):

### As to the First Cause of Action

1. For civil penalties pursuant to California Labor Code sections 2699(a), (f) and (g), costs/expenses, and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

2. For such other and further relief as the Court may deem equitable and appropriate.

DATED: June 14, 2021

**LAWYERS *for* JUSTICE, PC**

By: *[signature]*
Edwin Aiwazian
*Attorneys for* Plaintiff

12

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL